UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Dennis Morgan<br>c/o Zuzolo Law Offices, LLC<br>700 Youngstown Warren Road<br>Niles, OH 44446<br><br>&<br><br>Janet Morgan<br>c/o Zuzolo Law Offices, LLC<br>700 Youngstown Warren Road<br>Niles, OH 44446<br><br>               Plaintiffs<br>v.<br><br>ADVANTAGE ASSETS II, LLC<br>c/o Nat'l Corporate Research, Ltd., Statutory Agent<br>4568 Mayfield Road, Ste 204<br>Cleveland, OH 44121<br><br>               Defendant. | Case No.<br><br>Hon.<br><br>**COMPLAINT**<br><br>**WITH JURY DEMAND ENDORSED HEREON** |

## I. PARTIES

1. Plaintiff Dennis Morgan is a natural person who resides in the County of Trumbull and the State of Ohio.

2. Plaintiff Janet Morgan is a natural person who resides in the County of Trumbull and the State of Ohio

3. Defendant Advantage Assets II LLC (hereinafter "Advantage") is a debt collector as defined by the Fair Debt Collection Practices Act. Advantage, using the mails, either directly or indirectly, and through calls, attempted to collect an alleged credit card obligation of Dennis Morgan that was paid in full which was used primarily for personal, family or household

1

purpose. Debt collection is the primary purpose of Advantage, including purchasing and taking assignment of debts already in default. As an entity engaged in debt collection of the consumer transaction, described above, and debt collection itself being a consumer transaction, Advantage also meets the definition of a supplier under ORC §1345.01 et seq.

## II. VENUE & JURISDICTION

4. Venue in this judicial district is proper because the Plaintiffs reside in this judicial district and many of the facts relevant to this Complaint occurred in this judicial district.

5. Pursuant to 28 U.S.C. §1331, this Court has jurisdiction over the matters asserted herein regarding the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et. seq.

6. Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over the matters asserted herein regarding the Ohio Consumer Sales Practices Act, Ohio Revised Code §1345.01 et. seq. and other state law clams. The same set of operative facts give rise to Plaintiffs' claims under the FDCPA, the OCSPA, and the other claims under Ohio law.

7. Plaintiffs are consumers as defined by 15 U.S.C. §1692a(3) and Ohio Revised Code §1345.01(D).

8. At all times material, these collection attempts occurred in Trumbull County Ohio.

## III. STATEMENT OF FACTS

9. Plaintiffs incorporate each preceding paragraph as if fully rewritten herein.

10. Plaintiffs, Dennis & Janet Morgan, first began receiving collection contacts in December of 2009 regarding Dennis' Citibank card from the then collection agent for Citibank, CBCS.

11. At a time of great hardship, especially during the holidays, the Morgans paid CBCS over $3,400.00 under the reliance that the debt would be paid in full.

12. Within the next year, a new debt collector began contacting the Morgans seeking payment of the remaining balance. Janet Morgan obtained a copy of the paid in full letter from CBCS and thought the debt was finally resolved.

13. Unfortunately, in 2010, Advantage Assets purchased the debt from Citibank and began seeking collection again from the Morgans. Despite the Morgans disputes with LTD, the collection agent of Advantage, the collection attempts escalated and eventually culminated in a lawsuit filed in the Trumbull County Court of Common Pleas in March of 2011.

14. The Morgans were forced to defend themselves from a reckless and frivolous lawsuit instituted by Advantage. The Morgans were successful in having the lawsuit voluntarily dismissed with prejudice in July of 2011.

15. The Morgan's believed that this nearly two year long battle was finally over. However, on or about November 29 2011 the Morgans received yet another collection letter on behalf of Advantage Assets from Northland Group. Once again, Janet Morgan obtained the necessary documents and sent them to Northland Group in December of 2011.

16. The actions by the Defendant have caused the Plaintiffs actual damages, including damages for mental anguish including but not limited to embarrassment, humiliation, loss of privacy, strain on their personal relationships, anger, frustration, and reduction in the value of enjoyment of life. In addition, the actions by Defendant Advantage are a pattern and practice of this company and are in conscious disregard for the rights of the Plaintiffs, entitling the Plaintiffs to punitive damages.

## IV. CLAIMS

## COUNT I:   FDCPA

17. Plaintiffs incorporate by reference paragraphs 1 through the preceding paragraph as though fully stated herein.

18. Defendant's actions in attempting to collect this debt violate the Fair Debt Collection Practices act including but not limited to:

- a) 15 U.S.C. §1692d- any conduct the natural consequence of which is to harass, abuse, or oppress any person;
- b) 15 U.S.C. §1692e and e(2) – misrepresenting the character, amount, or legal status of the debt;
- c) 15 U.S.C. §1692f and f(1) – attempting to collect any amount not authorized by agreement or permitted by law.

19. Plaintiffs have been harmed by Defendant's violations and are entitled to statutory damages, actual damages, including noneconomic damages for mental anguish and attorneys' fees and costs pursuant to 15 U.S.C. §1692k(a).

## Count II:

## CONSUMER SALES PRACTICES ACT
## OHIO REVISED CODE 1345.01 ET SEQ

20. Plaintiffs incorporate by reference paragraphs 1 through the preceding paragraph as though fully stated herein

21. The deceptive and unconscionable debt collection means used by Defendant are a violation of the Ohio Consumer Sales Practices Act and as such Plaintiffs are entitled to damages, including statutory damages at $200.00 per phone call and actual damages including emotional distress and reasonable attorneys fees and costs for knowing violations of the OCSPA.

### COUNT III

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

22. Plaintiffs incorporate by reference paragraphs 1 through the preceding as though fully rewritten herein.

23. Defendant intentionally interfered, physically or otherwise, with Plaintiffs' solitude, seclusion, or private concerns or affairs.

24. Plaintiffs' had a reasonable expectation of privacy in their solitude, seclusion, or private concerns or affairs.

25. Defendant's intrusion including continuing to collect a debt that they knew had been settled and filing a knowingly false lawsuit occurred in such a way that would be highly offensive to a reasonable person.

26. The Plaintiffs were seriously damaged as a result of Defendant's intrusion upon his seclusion and are entitled to damages, costs, and attorneys' fees.

### V.  TRIAL BY JURY

27. Plaintiffs are entitled to and hereby respectfully request a trial by jury on each and every matter so entitled.   US Const. Amend. 7.

### PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiffs respectfully request that this Court enter judgment as follows:

### COUNT I & II

- for an award of statutory damages of $1,000.00 for willful violation of the FDCPA and $200 for each violation of the OSCPA;

- for an award of actual damages including non-economic damages, and costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k;

5

- For an award of reasonable attorneys fees for a knowing violation of the OCSPA, all economic damages multiplied by three and non-economic damages up to $5,000.00.

## COUNT III

- damages in excess of $25,000.00 for invasion of privacy

## SUCH OTHER RELIEF

- for an award of punitive damages in an amount to be determined at trial by jury;

- for Plaintiffs to be awarded costs of litigation and attorneys' fees against the Defendant under each of the allegations herein;

- for such other and further relief as may be just and proper.

Respectfully submitted,
**ZUZOLO LAW OFFICES, LLC**

**/s/ Philip D. Zuzolo**
Philip D. Zuzolo #0081865
Patrick B. Duricy #0042511
700 Youngstown Warren Rd
Niles Oh 44446
330-652-1609(phone)
330-652-9421(fax)
lawyers@zuzolo.com
**Attorneys for Plaintiffs**